## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| DARWIN JOSE CARDOZO GONZALEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-1569-PRW |
| WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, | ) ) ) | |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Petitioner Darwin Jose Cardozo Gonzalez seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge Patrick R. Wyrick referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Petitioner filed a motion for temporary restraining order (TRO) asking the Court to prohibit "ICE, DHS, and all persons acting in concert with them from removing [him] from the United States while [his] habeas action is pending" and to "[m]aintain the status quo pending final adjudication." Doc. 3, at 1. For the reasons set forth below, the undersigned recommends the Court deny

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Petitioner's motion.

## I.    TRO requirements.

Under Federal Rule of Civil Procedure 65(b)(1), a court may only grant a motion for TRO, without notice, if the moving party has complied with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).[2] Petitioner has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents before filing the motion. The undersigned also directed Respondents to respond to Petitioner's habeas petition and ordered Respondents to provide the Court with 72-hours advance notice of any transfer of Petitioner. *See* Doc. 7, at 2. So the Court has already addressed part of the relief Petitioner seeks in his TRO motion.

The Court should therefore deny the motion. *See, e.g., Bahadorani v.*

---

[2]    "Ex parte [TROs] are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974) (internal citation omitted). A TRO is issued "pending the hearing of a motion for a temporary injunction," and "its life ceases with the disposition of that motion and without further order of the court[.]" *Houghton v. Cortelyou*, 208 U.S. 149, 156 (1908) (internal quotation marks omitted). By contrast, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

*Bondi,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's TRO motion. Doc. 3.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before July 28, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 7th day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4