**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARWIN JOSE CARDOZO GONZALEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1569-PRW** |
| **WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.**[1] | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Darwin Jose Cardozo Gonzalez, a noncitizen proceeding pro se,[2] filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Patrick R. Wyrick referred the matter to

---

[1] Respondent Fred Figueroa, Warden of Diamondback Correctional Facility, is not a federal official, and the response is not filed on his behalf. *See* Doc. 10, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Respondents have filed a response, Doc. 10, and the time for Petitioner to reply has lapsed. Petitioner has also filed motions to expedite and for immediate release. Docs 11, 12, 13, 14. For the reasons set forth below, the undersigned recommends the Court deny the petition.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of Venezuela who entered the United States in June 2023. Doc. 1, Ex. 1, at 8. The Department of Homeland Security placed him in removal proceedings that month, released him on his own recognizance, and charged him with being an alien present in the United States without being admitted or paroled, under 8 U.S.C. § 1182(a)(6)(A)(i). Doc. 1, Ex. 1, at 8-10. He applied for Temporary Protected Status, which was granted in April 2025, with an expiration date in October 2026. *Id.* at 6.

On August 22, 2025, Immigration and Customs Enforcement (ICE) took Petitioner into custody. Doc. 1, at 2. Petitioner states he has complied with all terms and conditions of his release. *Id.* at 6. He appealed his removal order, which remained pending at the time of his petition. *Id.* at 2. On August 24, 2026, the BIA dismissed that appeal. *See* Darwin Jose Cardozo-Gonzalez, https://acis.eoir.justice.gov/en/caseInformation (last visited August 27, 2026). Petitioner has now been detained in ICE custody for over a year. As a result of his detention, he was not present at his U.S.-citizen daughter's birth. Doc. 1,

at 7.

Petitioner challenges: (1) the length of his detention without a meaningful opportunity for release; (2) his arrest and detention despite compliance with the conditions of his release; and (3) the denial of an individualized custody hearing. *Id.* at 6.

He seeks immediate release from ICE custody, or, in the alternative, an individualized bond hearing. *Id.* at 7.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Petitioner is not eligible for habeas relief.

At the time of filing, 8 U.S.C. § 1226(a) applied to Petitioner's detention, entitling him to an individualized custody redetermination hearing. Indeed, this is the relief Respondents acknowledged applied. Doc. 10. The BIA's

dismissal rendered the removal order administratively final. 8 C.F.R. § 1241.1 (“An order of removal… shall become final… [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]”). The removal period begins either when the order of removal becomes administratively final, or “if the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court’s final order,” whichever is latest. 8 U.S.C. § 1231(a)(1)(B). Thus, absent judicial review accompanied by a court-ordered stay of removal, Petitioner's detention is now governed by 8 U.S.C. § 1231 rather than § 1226. *Id.*

Section 1231 establishes a 90-day removal period following a final removal order. During that period, the government “shall detain” the noncitizen. 8 U.S.C. § 1231(a)(2). Accordingly, Petitioner is not presently entitled to the § 1226(a) bond hearing he seeks in this action.

After the removal period, § 1231(a)(6) may authorize continued detention for a period reasonably necessary to accomplish removal. *Zadvydas*, 533 U.S. at 699-701 (explaining that the INA does not authorize “indefinite, perhaps permanent, detention” of noncitizens subject to final orders of removal and recognizing six months as a presumptively reasonable period to allow the government to accomplish removal.). The petition does not establish that Petitioner’s detention presently exceeds the removal period or that there is no significant likelihood of removal in the reasonably foreseeable future. The

Court therefore should deny the petition without prejudice to any later challenge that may become available under § 1231 and *Zadvydas*.

Therefore, Petitioner is now subject to mandatory detention under § 1231(a)(2) for the remainder of the 90-day removal period beginning August 24, 2026.

**IV. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court DENY Petitioner's habeas petition. Adoption of this Report and Recommendation will moot any pending motions.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **September 18, 2026**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE